**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY**, | **CIVIL ACTION** |
| Plaintiff, | **NO. 23-1710-KSM** |
| *v.* | |
| **BINBIN ZHENG,** | |
| Defendant. | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                      **August 16, 2023**

Plaintiff State Farm Fire & Casualty Company brings this case against Defendant Binbin Zheng.  (*See* Doc. No. 1.)  State Farm alleges that someone set a fire inside of a home owned by Zheng and that fire later spread to a neighboring house, which was covered by an insurance policy issued by State Farm.  (*Id.* at ¶¶ 8–11.)  The company claims that Zheng's negligence is a proximate cause of the fire, and therefore, he is liable for the more than $150,000 that State Farm has paid its insured in damages.  (*Id.* at ¶ 10.)

Presently before the Court is State Farm's Motion for Alternative Service of the Complaint.  (Doc. No. 5.)  As discussed below, State Farm has not made a good faith effort to locate and serve Zheng.  Accordingly, the motion is denied without prejudice.

**I.**

To date, State Farm has attempted to serve Zheng at least six times across three locations.  Using a process server, State Farm made the first attempt at 348 Maria Loretta Lane in Galloway, New Jersey—Zheng's prior home address—on May 10, 2023 at 12:51 p.m.  (*See* Doc. No. 5-1 at 2.)  The process server reported that he "spoke to [the] current resident" of the home,

"who stated the defendant moved out about two years ago.  No forwarding address was obtained."  (*Id*.)

State Farm then conducted a Westlaw Public Record search on Zheng, which reported his residence as 65 Colony Lane in Syosset, New York.  (Doc. No. 5-2.)[1]  State Farm claims it "attempted to effectuate service" at this address, "but was unable to achieve it."  (Doc. No. 5 at ¶ 4.)  State Farm does not explain when it attempted service, state why service was unsuccessful, or provide an Affidavit of Non-Service for this attempt.

After this second failed attempt, State Farm hired Skip Tracing Inc. to perform an address search on Zheng, and the company identified his current residence as 319 Elton Lane in Galloway, New Jersey.  (Doc. No. 5-3 at 2.)[2]  In its report, Skip Tracing stated that "postal records indicate that Binbin Zheng receives mail at 319 Elton Lane."  (*Id*.)  However, "property tax records indicate Kangkang Zu owns the property located at that address," and Skip Tracing was unable to reach Zu to ask whether Zheng currently lives there.  (*Id*.)  A process server attempted to serve Zheng at the Elton Lane address four times:  Thursday, June 8, 2023 at 1:37 p.m. and 5:45 p.m., Tuesday, June 13, 2023 at 9:00 a.m., and Thursday, June 15, 2023 at 12:55 p.m.  (Doc. No. 5-4.)  The process server reported that no one answered the door on any of the four attempts.  (*Id*.)  On the second attempt, the process server "spoke to a neighbor, who could only state an Asian family resided there, and that they are rarely home.  No further information was obtained."  (*Id*.)

---

[1] The Westlaw search also reported the Maria Loretta Lane address, a second address in Galloway, New Jersey (428 Redwood Ave.), the property where the fire originated in Philadelphia, Pennsylvania, and two other addresses in Syosset, New York.  (*See generally* Doc. No. 5-2.)

[2] This is the third address in Galloway to come back as associated with Zheng.  (*See* Doc. No. 5-2 at 7 (identifying 348 Maria Loretta Lane and 428 Redwood Avenue as two prior addresses associated with Zheng in Galloway).)

State Farm has made no further efforts to personally serve Zheng, explaining that "[a]t this juncture, Plaintiff reasonably believes that . . . the next reasonable step would be service via regular first-class U.S. mail and certified mail (return-receipt requested), as well as by posting the premises" at the Elton Lane address.  (Doc. No. 5 at ¶ 7.[3])

## II.

Federal Rule of Civil Procedure 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  State Farm proposes effectuating service pursuant to Pennsylvania Rule of Civil Procedure 430.  (Doc. No. 5 at 3–4.)

If in-person service on a party or her agent is not possible, Rule 430 allows "the plaintiff [to] move the court for a special order directing the method of service.  The motion [must] be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  Pa. R. Civ. P. 430(a).

For a court to order an alternative method of service under Rule 430, the plaintiff must have made a good faith effort to locate and serve the defendant.  *See* Pa. R. Civ. P. 430(a), note; *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).  A good faith effort to locate the defendant includes taking such steps as making inquiries of the Post Office; making inquiries of the defendant's relatives, friends, neighbors, and employers; examining public records such as telephone books, voter registration records, and motor vehicle records; and conducting a reasonable Internet search.[4]  Pa. R. Civ. P. 430(a), note.  A good faith effort to serve the

---

[3] The motion includes two paragraphs numbered "7."  Here, we are citing to the second paragraph 7.

[4] This list is neither exhaustive nor mandatory; a plaintiff need not take every listed action to

defendant includes such steps as attempting service on different days of the week and at different times of day. *Calabro*, 464 F. Supp. 2d at 472.

If a plaintiff has made a good faith effort to locate and serve a defendant, courts will allow alternative methods of service to the extent "the plaintiff's proposed alternate methods of service [are] reasonably calculated to provide the defendant with notice of the proceedings against him." *Nunez v. Flowers*, Case No. 19-cv-02780-JMY, 2020 WL 1164792, at *2 (E.D. Pa. Mar. 11, 2020). Courts have found that posting and mailing the complaint to the defendant's last known address is a method of service that is reasonably calculated to provide the defendant with notice. *See id.*; *Lenhart v. Ocean Spray Cranberries, Inc.*, Civil Action Nos. 10–1569, 10–2575, 2010 WL 4269614, at *2 (E.D. Pa. Oct. 28, 2010).

## III.

State Farm has not made a good faith effort to locate and serve Zheng.

The Court begins with State Farm's efforts to locate Zheng. *See Calabro*, 464 F. Supp. 2d at 472 (explaining that the plaintiff must first demonstrate it has made "a 'good faith' effort to *locate* defendant"). State Farm has used several of the methods outlined in the note to Rule 430(a), including performing general internet searches; hiring Skip Tracing, which made inquiries with the Post Office; and speaking to neighbors at home addresses associated with Zheng. (*See* Doc. Nos. 5-1, 5-2, 5-3.) However, those efforts often returned conflicting information about Zheng's home address, and State Farm has done little to confirm Zheng's current location. Notably, there is nothing to indicate that State Farm reached out to Zheng's relatives, friends, or employers to confirm his location. *See State Farm Fire & Cas. Ins. Co. v.*

---

demonstrate good faith, and actions not listed may contribute to a finding of good faith effort. *See Calabro*, 464 F. Supp. 2d at 472.

*Harmon*, Civil Action No. 18-2016, 2018 WL 4931481, at *1 (E.D. Pa. Oct. 11, 2018) (denying motion for alternative service where the plaintiff hired a private investigator who searched "voter registration records, tax records, and motor vehicle records," along with making "general internet and social media searches" and traveling "to certain reported addresses for Defendants," but failed to "identif[y] and interview[ ] any relatives, neighbors, friends or employers of Defendants").  Likewise, the Complaint suggests Zheng rented out the home in Philadelphia where the fire originated (*see* Doc. No. 1 at ¶ 8), but State Farm has not shown that it spoke with the tenants of that house in an attempt to reach Zheng.[5]  *See State Farm Fire & Cas. Ins. Co.*, 2018 WL 4931481, at *2 (holding that a "failure to reach out to individuals who might have some knowledge of Defendants' whereabouts" demonstrated that plaintiffs had not given a good faith effort to locate defendants).

The Court also finds State Farm's efforts to effectuate service wanting in this case.  *See Calabro*, 464 F. Supp. 2d at 472 ("Second, once defendant is located, plaintiff must show that she made practical efforts to *serve* defendant under the circumstances.").  Focusing on the Elton Lane property, although the process server attempted service four times at various times during the day, these attempts all occurred within a one-week period, during the summer, and three of the four attempts were made on a Thursday during normal working hours.  *See id.* at 473 ("Half-hearted attempts at service will not do.  While the plaintiff, through the U.S. Marshal, has attempted service three times on the defendants, two were on the same day of the week—Tuesday, and the two that have listed times of attempted service took place around the same time

---

[5] The Complaint suggests someone broke into Zheng's rental property to start the fire.  (Doc. No. 1 at ¶ 9 (describing "an unknown person or persons who gained access to the origin property—which was unsecured—foreseeably caused a fire therein").  To the extent first responders were called to the scene of the fire, police records may also reflect Zheng's current contact information.

of day, between 10:00 a.m. and 11:30.  Aside from the fact that the U.S. Marshal knocked on the door three times (presumably with some force) and received no answer, there is no evidence that defendants are attempting to evade service; nor is there any other indication why future attempts at service, at different times or on different days, would be futile.  Plaintiff has, therefore, failed to meet her burden of showing that she has undertaken practical efforts to serve the defendants under the circumstances.").  Moreover, there is nothing to show that State Farm attempted to call Zheng to ask whether he was willing to accept service.  *Cf. Elecs. Boutique Holdings Corp. v. Zuccarini*, No. Civ. A. 00-4055, 2001 WL 83388, at *4 (E.D. Pa. Jan. 25, 2001) (concluding that a defendant's failure to answer telephone messages supported a conclusion that he was dodging service).

Finally, and for similar reasons, the Court cannot find that the alternative means of service proposed by State Farm is reasonably calculated to provide Zheng with notice.  *See Calabro*, 464 F. Supp. 2d at 472 ("Three, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him.").  Although State Farm claims it "has no reason to believe Defendant lives anywhere other than the most recent address revealed, i.e. 319 Elton Lane in Galloway, New Jersey," State Farm has taken virtually no steps to confirm that fact.  It did not attempt to reach the property owner, Kangkang Zu, after Skip Tracing Inc. failed to reach them.  (*See* Doc. No. 5-3 at 2.)  And as mentioned above, State Farm has not spoken with Zheng's relatives, friends, or employers to determine whether they also believe he lives at the home on Elton Lane.  Although the process server spoke with a neighbor of 319 Elton Lane, that person was unable to confirm whether Zheng resides at that address.  (*See* Doc. No. 5-4.) Finally, it is worth noting that State Farm's Westlaw search, which revealed numerous addresses

associated with Zheng, did not report him as living or having previously lived on Elton Lane. (*See* Doc. No. 5-2.)  Given these discrepancies, State Farm must do more to confirm that Zheng truly resides at the Elton Lane property and that service via first class and certified mail to that address, along with posting notice at the address, would be reasonably calculated to reach Zheng.

## IV.

In sum, State Farm has not shown that it has made good faith efforts to locate and serve Zheng.  Accordingly, its motion (Doc. No. 5) is denied without prejudice.  If additional efforts to serve Zheng prove unsuccessful, State Farm may renew its motion provided it can show its proposed alternative method is reasonably calculated to reach Zheng.  An appropriate order follows.